UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN ALEX POSEY,

        Petitioner,                          Case Number: 2:16-CV-12020
                                                               HONORABLE AVERN COHN

v.

JEREMY BUSH,

        Respondent.
_____/

## ORDER OF DISMISSAL
## AND DENYING CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Jonathan Alex Posey (Petitioner), a state prisoner, challenges his convictions for being a felon in possession of a firearm, carrying a concealed weapon, and felony firearm. Because as will be explained, it is apparent from the face of the petition that habeas relief is not available. Therefore, the petition will be dismissed.

### II. Background

Petitioner's convictions arise from a traffic stop in Detroit. The Michigan Court of Appeals summarized the circumstances leading to his convictions as follows:

> On May 24, 2012, Detroit Police officers pulled over defendant for speeding through a city neighborhood. While effecting the traffic stop, one of the officers saw defendant attempt to "stuff" an object between the seat and armrest of his car. After defendant got out of the vehicle, the officer searched the car for the object defendant had placed between the seats, and found a loaded .380 semi-automatic firearm. The officers then arrested defendant.

People v. Posey, No. 314441, 2014 WL 2753715, *1 (Mich. Ct. App. June 17, 2014).

Petitioner filed a pretrial motion to suppress the firearm.  Following a hearing, the trial court denied the motion to suppress.  Petitioner was convicted by a jury of possession of a forearm by a felon, M.C.L. § 750.224f, carrying a concealed weapon, M.C.L. § 750.227, and possession of a firearm during the commission of a felony, second offense, M.C.L. § 750.227b.  On October 31, 2012, he was sentenced to five years' imprisonment for the felony firearm conviction, and two years probation for each of the two remaining offenses.

The Michigan Court of Appeals affirmed.  Id.  The Michigan Supreme Court denied Petitioner's application for leave to appeal.  People v. Posey, 497 Mich. 971 (Mich. March 3, 2015).

Petitioner then filed the pending habeas petition.  He raises these claims (which he also raised on direct appeal in state court):

I.  The lower court clearly erred when it based its decision on the testimony of the officers rather than the video when it denied Mr. Posey's motion to suppress.

II. The lower court erred when it determined that officers had reasonable suspicion to conduct a protective search of the car, therefore the court should have suppressed the firearm.

### III.  Legal Standard

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254 cases.  If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition.  McFarland v. Scott, 512 U.S. 849, 856 (1994)  ("Federal courts are authorized to dismiss summarily any habeas petition that

2

appears legally insufficient on its face").

## IV. Discussion

Petitioner's claims for relief both concern the trial court's denial of his motion to suppress the firearm. He argues both that police lacked reasonable suspicion to conduct a search of his vehicle and that the trial court erred in failing to review the dashboard video before ruling on his motion. Neither claim entitles Petitioner to relief.

It is well-settled that Stone v. Powell, 428 U.S. 465 (1976), bars a Fourth Amendment claim on habeas review, as long as the state has given the petitioner a full and fair opportunity to litigate the Fourth Amendment claim. Id.

The Sixth Circuit Court of Appeals employs a two-step analysis to determine whether a defendant was given a full and fair opportunity to litigate a Fourth Amendment claim in state court:

> First, the court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.

Machacek v. Hofbauer, 213 F.3d 947, 952 (6th Cir. 2000) (internal quotations omitted). "Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." Robinson v. Jackson, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). Because Michigan provides a procedural mechanism for raising a Fourth Amendment claim, Petitioner may only demonstrate entitlement to relief if he establishes that presentation of his claim was frustrated by a failure of that mechanism.

Here, Petitioner's Fourth Amendment claims were the subject of a state court

evidentiary hearing and they were raised on direct appeal.  The Michigan Court of Appeals addressed the issue at length and found no Fourth Amendment violation.  The Michigan Supreme court denied leave to appeal.  Petitioner therefore was provided an opportunity for full and fair litigation of his Fourth Amendment claims in the Michigan courts.  His disagreement with the state courts' rulings does not render the state's procedural mechanism inadequate.  Accordingly, his claims are barred by Stone v. Powell.

## V.  Conclusion

For the reasons stated above, the Petition is DISMISSED.  Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further.  The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Finally, Petitioner's Motion for Stay of Proceedings is DENIED AS MOOT.  (Doc. 2).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: July 12, 2016
       Detroit, Michigan